## WESTENDORF et al. v. DININNY.

(Supreme Court, Appellate Division, First Department. March 24, 1905.)

CONTRACTS—TERMS—RIGHTS UNDER CONTRACT.

Where plaintiff contracted to furnish labor in repairing defendant's house, plaintiff to be reimbursed and paid a per cent., and plaintiff's foreman arbitrarily raised a workman's wages, defendant was not liable for the increased wages.

Ingraham and O'Brien, JJ., dissenting.

Appeal from Judgment on Report of Referee.

Action by Theodore Westendorf and others, as executors of Rudolph Hilbrand, against Ferral C. Dininny, Jr. From a judgment in favor of plaintiffs, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John M. Stearns, for appellant.
Henry H. Whitman, for respondents.

HATCH, J. This case has been before this court upon a former appeal. The pleadings are the same, and the testimony in all its substantive aspects has not been changed. The rule of law which governs the case is to be found in the former decision. Hilbrand v. Dininny, 73 App. Div. 513, 77 N. Y. Supp. 317. Upon the first trial the referee disallowed the disbursements for the board of the men and the railroad fares, and only allowed a recovery on the basis of the rate of wages prevailing at Suffern at the time the work was performed. The court reversed the judgment; holding that the plaintiffs were entitled, upon the evidence, to recover the amount of wages paid at the prevailing rate for such labor when performed in the country by employés living in New York City; that upon such subject the defendant had information that the men were brought from New York, and he also knew that the prevailing rate of wages was higher in New York than at Suffern. Upon such evidence the court held that the defendant was chargeable with knowledge of the facts, and, if he desired to be chargeable only with the prevailing rate of wages paid at Suffern, it was incumbent upon him to call the attention of plaintiffs' testator to that matter, and, not having done so, he must be deemed to have acquiesced therein. The evidence upon this subject is not different from that which appeared before. Therefore the rule must be the same. The referee properly charged the defendant, in awarding judgment, with the prevailing rate of wages paid to the men employed upon the work, save in one particular, hereafter to be noticed. Respecting the item for board of the men at Suffern, the railroad fares, and other items paid for transportation, the court held that evidence was competent, tending to show the existence of a custom in this respect to pay such items when New York men were employed to work in the country, and travel back and forth. Upon this subject, however, the court held that such custom was not binding upon the defendant, even though it existed, unless it was brought to the defendant's notice, or such facts appeared sufficient to charge him with knowledge upon the subject. Upon this

question the court said: "It was not shown, however, that the defendant knew of this custom, and it would not be binding upon him in the absence of such knowledge." The testimony upon this subject is no stronger than it was upon the former trial. The testimony of Kidd, who was the contractor's agent, relating thereto, is quite meager—indeed, it may be said that it was scarcely sufficient in establishment of it —but other witnesses were called, and upon the whole testimony there was sufficient from which the referee was authorized to find the existence of such a custom. The testimony, however, failed in bringing home notice or knowledge of the custom to the defendant; nor were any facts established which authorized the referee to find that the defendant was chargeable with such notice. The item, therefore, of $150.48 for railroad fare and other sundry items of transportation, is not supported, and should be deducted from the recovery.

Respecting the board of the men while at Suffern, the court upon the former appeal said:

"The statement made by Kidd to the effect that the men would work ten hours a day, and that it would be a saving on their board, is altogether too indefinite to be a basis as to who was to pay the board. The only other evidence on the subject is the defendant's knowledge that these men were traveling back and forth on the railroad, and the inquiry made by him with reference to where they were stopping, and what the foreman was paid for board. We are of opinion, therefore, that the referee was right in disallowing the claim for board and railroad fares."

Upon this subject the evidence is not a whit stronger in the present case than it was when the court announced its determination upon the former appeal. It is therefore evident that the item for board ($839) cannot be allowed, as no basis for it exists in the evidence. It further appeared that the foreman, Kidd, hired one Sutherland, a carpenter, at Suffern, at $2.75 per day. After he had seen him work, he voluntarily and arbitrarily advanced his wages to $3 per day. Sutherland worked 3 days in July and 12 days in August, 15 days in all, amounting to $45, at $3 per day. This was a sum of $3.75 in excess of what he could and did employ Sutherland for, had he not arbitrarily raised the amount. Kidd was bound, as Hilbrand's representative, to make the best terms which could be made for the defendant; and, when he could get men at Suffern for $2.75 a day, he was not justified in arbitrarily raising the price for such labor, and thereby increasing in cost the work to the defendant. These three items—railroad fares, $150.48; board, $839; excess paid to Sutherland, $3.75; amounting, in all, to $993.23—should be deducted from the amount awarded by the referee.

It follows, therefore, that the judgment should be modified by reducing the same as entered, including interest, costs, allowances, etc., to the sum of $6,390.18, and, as modified, affirmed, without costs of this appeal to either party.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

INGRAHAM and O'BRIEN, JJ. We think the judgment should be affirmed.