60 So.2d 732 (1952)
LOFTIN et al.
v.
MORGENSTERN.
Supreme Court of Florida, Division A.
October 14, 1952.
Loftin, Anderson, Scott, McCarthy & Preston, Robert H. Anderson, William S. Frates, Miami, and Russell L. Frink, Jacksonville, for appellant.
Jack M. Fink and Sanford S. Faunce, Miami, for appellee.
TERRELL, Justice.
Appellee sued appellant to recover damages for personal injuries alleged to have been received from falling in a hole at defendant's *733 station, account of negligently maintaining its sidewalks. In the answer appellant denied the material allegations of the complaint. On the issues so made a trial resulted in judgment for the plaintiff in the sum of $2500, a new trial was denied and the defendant appealed.
At the trial plaintiff testified and was thoroughly cross-examined by defendant. After plaintiff completed her case in chief, defendant proceeded to offer its evidence. During the second day of the trial, defendant requested that plaintiff be brought to the stand for examination as provided by Florida Common Law Rule 37, 30 F.S.A., Federal Rules Civ.Proc. rule 43(b), 28 U.S.C.A. Objection to such testimony on the part of plaintiff's counsel was sustained. The only point is whether or not the trial Court committed error in sustaining said objection.
The answer to this question turns on the interpretation of Common Law Rule 37, the pertinent part of which is as follows:
"A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party * * *, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party and the witness thus called may be contradicted and impeached by or on behalf of the adverse party * * * only upon the subject matter of his examination in chief."
It would hardly be possible to express the rule in more positive language even though the latter clause be subject to the criticism of ambiguity. Unquestionably defendant had a right to call plaintiff, the "adverse party", to the stand for further examination and "interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party." Counsel for defendant admitted to the Court that he was calling plaintiff for the purposes stated in the rule and to examine her with reference to material allegations in the complaint, including the injuries alleged to have been received.
It does not appear that this or the Federal Courts have ever been called on to construe this phase of the rule. The trial Court has a liberal discretion in controlling examinations under it, but its use should not be permitted to annoy or harass an "adverse party". We do not think it is limited to cases in which the "adverse party" is not called as a witness in his own behalf. We think however, that when the adverse party testifies and is cross-examined by opposing counsel, if the adverse party is again called, the examination must be limited to matters brought out in chief, matters alleged in the complaint or which were developed at the trial, and were unknown at the time of the examination in chief or to matters essential to lay a predicate for impeachment. If the examination is to relate to other or new matters, the party making the request must make the adverse party his own witness. The Federal Courts have at least in part, followed this interpretation. Kincade v. Mikles, 8 Cir., 144 F.2d 784; Moyer v. Aetna Life Ins. Co., 3 Cir., 126 F.2d 141.
When the adverse party is subjected to a thorough cross-examination, after the examination in chief, we would not hold the trial court in error for requiring counsel, who calls the adverse party, to show that the examination is for the purpose of supporting one of the categories named in the preceding paragraph.
For the reasons so stated, the trial court was in error in refusing defendant's request to recall plaintiff for further examination. His judgment is therefore reversed.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.