271 P.2d 1020

**GUYMAN v. ANDERSON.**

No. 8118.

Supreme Court of Idaho.

June 15, 1954.

A. A. Merrill, Idaho Falls, for appellant.

T. Harold Lee, Rigby, for respondent.

it was agreed the job would be done for the total sum of $200. Other defensive matter was pleaded which is not material here.

Upon trial, the jury, empaneled in an advisory capacity, brought in a verdict consisting of its answers to two questions propounded by the court. In answering the first question, the jury found there was no oral contract or agreement entered into between the parties for the leveling. By its second answer the jury found the reasonable value of the work performed to be $700.

The court adopted the findings of the jury and entered judgment for $700 with interest at the legal rate from December 9, 1953, the date of the verdict. From that part of the decree denying foreclosure of the lien, attorney's fees, and interest prior to the date of trial, the plaintiff brings this appeal. In denying foreclosure, the trial court expressed the view that plaintiff, having failed to recover the full amount of $800 sued for, had failed to establish his lien, and the lien having failed, attorney's fees could not be allowed.

TAYLOR, Justice.

Plaintiff (appellant) brought this action to foreclose a lien for leveling defendant's (respondent) land. The claim of lien and complaint are predicated upon a contract rate of $10 per hour. Plaintiff alleges he worked 80 hours and prayed for $800, with interest from March 23, 1953, when the job was completed. The answer denies any agreement for $10 per hour and alleges that

The question posed is whether a party, seeking foreclosure of a lien under § 45–501 I.C., is entitled to have his lien foreclosed in an action in which he does not establish his right to recover the full amount sued for. Our attention has not been called to a direct precedent. This court has said the statute grants an "absolute" lien. Hill v. Twin Falls, etc., Water Co., 22 Idaho 274, 125 P. 204; Idaho Lumber & Hardware

Co. v. DiGiacomo, 61 Idaho 383, 102 P.2d 637. In Robertson v. Moore, 10 Idaho 115, 77 P. 218, and Dybvig v. Willis, 59 Idaho 160, 82 P.2d 95, foreclosure was had for less than the amount the plaintiff claimed. In Chamberlain v. City of Lewiston, 23 Idaho 154, 129 P. 1069, it was held that the right to a lien is not dependent upon the value added to the property by the work done. Perhaps the nearest in point is Steltz v. Armory Co., Ltd., 15 Idaho 551, 99 P. 98, 20 L.R.A.,N.S., 872, where the court upheld the foreclosure of a lien after recognizing the right of the defendant to offset damages for defective performance. It was there urged that the lien should be denied for failure of the plaintiff to "faithfully perform" his contract. In the course of the opinion, Chief Justice Ailshie said:

"Of course, the extent of the lien when he comes to foreclose it must be measured by the amount found due him on his contract at the time of filing his lien. If there is nothing due him under his contract, he is not entitled to any lien; but if anything is found to be due him, he is entitled to a lien therefor." 15 Idaho at page 558, 99 P. at page 101.

In the absence of oppression or some other circumstances which would justify equity in denying foreclosure, we see no reason why it should not be granted, even though the plaintiff fails to establish his right to the full amount claimed. The lien is not provided as a penalty, but rather as security. Hence the statutory requirement that the claimant establish the full amount of his claim as a condition to the imposition of penalties, such as provided for in § 45–605 I.C., is not applicable here. Cf. St. Louis, I. M. & S. R. Co. v. Wynne, 224 U.S. 354, 32 S.Ct. 493, 56 L.Ed. 799.

The claim for attorney's fees follows the lien as an incident to the foreclosure thereof. Shaw v. Johnston, 17 Idaho 676, 107 P. 399; Smith v. Faris-Kesl Const. Co., 27 Idaho 407, 150 P. 25. The statute expressly requires the court to fix and allow reasonable attorney's fees, § 45–513 I. C., and, as a part of the costs, the amount paid for filing and recording the lien. The statute does not allow a fee for preparation of the lien.

This leaves the question of interest. As stated in Hendrix v. Gold Ridge Mines, Inc., 56 Idaho 326, 54 P.2d 254, the statute, § 27–1904 I.C., providing for interest in the absence of express contract, makes no distinction between liquidated and unliquidated claims, and applies to money due on contracts whether express or implied. The general rule is that interest will be allowed even though the claim is unliquidated "where the amount due can be readily ascertained by mere computation, or by a legal or recognized standard." 47 C.J.S., Interest, § 19 b. Here the dispute between the parties involved the rate of pay itself. There was no agreement as to what the rate would be. However, there

is some evidence that $10 per hour is a reasonable charge for leveling land with the equipment used by plaintiff, and that such a rate was charged by others. Although scant, this furnishes some proof of a recognized standard for the determination of the amount due. The above rule is, therefore, applicable here and interest at the legal rate should have been allowed from the date the work was completed, to wit: March 23, 1953. State v. Title Guaranty & Surety Co., 27 Idaho 752, 152 P. 189; Donaldson v. Josephson, 71 Idaho 207, 228 P.2d 941; Yarno v. Hedlund Box & Lbr. Co., 135 Wash. 406, 237 P. 1002; Perry v. Magneson, 207 Cal. 617, 279 P. 650; Union Sugar Co. v. Hollister Estate Co., 3 Cal.2d 740, 47 P.2d 273; Johnson v. Hanover Fire Ins. Co., 59 Wyo. 120, 137 P.2d 615; Public Market Co. of Portland v. City of Portland, 171 Or. 522, 130 P.2d 624, 138 P.2d 916; U. S. for Use and Benefit of Belmont v. Mittry Bros. Const. Co., D. C., 4 F.Supp. 216.

The judgment is reversed and the cause remanded with directions to the trial court to enter decree providing for foreclosure of the lien, a reasonable attorney's fee, cost of filing lien, and interest from March 23, 1953.

Costs to appellant.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.