PER CURIAM.
The appellants were plaintiffs below, having brought this law suit to recover a real estate commission allegedly owing to them by virtue of their efforts in connection with the sale of certain property. The complaint alleged a conspiracy whereby ap-pellee, Ben Levin, acting through his corporate alter-ego, In the Sun, Inc., conspired with the owners of the property in order to purchase said property in a manner intended to prevent the plaintiffs from receiving their commission. At the close of plaintiff’s case, the defendants moved for directed verdicts in their favor, which motion was denied at that time; however, the defendants thereupon rested without offering testimony or evidence on their behalf, and at that time renewed their motions for directed verdicts. The court then granted the motions in favor of four of the defendants, and at a later time, granted the directed verdicts in favor of the remaining three defendants.
The appellants contend that error was committed at trial due to the occurrence of the following procedure: during the course of presenting their case in chief, the appellants-plaintiffs called the defendant, Ben Levin, as their witness. Levin was sworn in and thereupon counsel began his direct examination. Counsel posed a question to Levin as to whether he had been approached by a certain broker in regard to the property. The following exchange then took place:
“Q. [By Mr. Schatzman] Let me read you a question and answer and then ask you if you recall it, beginning on line 3:
“ ‘Q Did you also tell Mr. Levine and Mr. Goldberg that John B. Reid would be entitled to a commission on this sale ?’
“A No, sir, I did not.
*136 “Q I am just reading from the deposition. I want to read the questions and answers. '
“A All right. Go ahead.
“Q Then I want to ask you if this is your statement.
“Your answer was:
“ ‘A No, I did not.’
“MR. ROTH: If the Court please— just a moment, please, Counsel — I would like to object to Counsel attempting, if he is attempting, to impeach a witness by the reading of excerpts of the deposition.
“THE COURT: Objection sustained.
“MR. SCHATZMAN: Your Honor, this is a defendant, an adverse party. I would like to treat him as such.
“THE COURT: He is a defendant. He has not been called as an adverse witness.
“Objection sustained.
“MR. SCHATZMAN: Your Honor, he—
“THE COURT: Objection sustained.
“MR. SCHATZMAN: I would like to dismiss and call another witness. I will call him later as an adverse witness.”
Subsequently, Levin was recalled, this time under the specific designation as an adverse witness, pursuant to' F.R.C.P. 1.-450(a), 30 F.S.A. The following exchange then took place:
“THE COURT: Call your next witness.
“MR. SCHATZMAN: Our next witness, Your Honor, we will call Mr. Ben Levin as an adverse witness.
“MR. McCLOSKY: If the Court please, I submit Mr. Levin has previously been called. He was not called as an adverse witness. His testimony was interrupted. He cannot now be called on a different basis, sir.
“THE COURT: You have called him once and excused him.
“MR. SCHATZMAN: Yes, sir. We are not going to interrogate him on the same matters again.
“THE COURT: Objection sustained.
“MR. SCHATZMAN: You will note my objection in the record to that.
“THE COURT: You have an objection and an exception.
“MR. SCHATZMAN: Yes, sir.”
The appellants now contend that the above procedure constituted reversible error in that they were not able to elicit testimony from the defendant, Ben Levin, as to his role in the alleged conspiracy to deprive them of their real estate commission. We must agree with their position and reverse.
The first point to be considered is whether Ben Levin was truly an “adverse witness” within the scope of the applicable rule of procedure. Certainly he was. Levin was not merely a nominal defendant, but a key figure in the alleged conspiracy who would stand liable for any judgment obtained against the numerous defendants in this cause. Prior cases which have construed the scope of adversity necessary for a witness to come within the rule have allowed the rule to apply to parties far less related to the proceedings than in the instant cause. Eg., Seaboard Airline R. Co. v. Ford, Fla.1955, 92 So.2d 160; Young v. Metropolitan Dade County, Fla.App. 1967, 201 So.2d 594.
The next issue for our resolution is whether the witness, Levin, having once been called as plaintiff’s witness, may subsequently be recalled by plaintiff as an adverse witness. Counsel, for reasons of his own, chose not to request that Levin be declared adverse or hostile during the initial examination, so as to be amenable to impeachment and leading questions. But it can readily be seen that Levin’s initial ex- *137 animation contributed nothing to the plaintiff’s case and the later request to have Levin recalled as an adverse witness was certainly essential to plaintiffs. The court’s refusal to permit Levin to be so called was thus highly prejudicial. Loftin v. Morgenstern, Fla. 1952, 60 So.2d 732, 35 A.L.R.2d 754; Monsalvage and Company of Miami, Inc. v. Ryder Leasing Inc., Fla. App.1963, 151 So.2d 453.
Therefore, the final judgment being appealed in this cause is reversed.