642 P.2d 954 (1982)
102 Idaho 865
J.E.T. DEVELOPMENT, an Idaho partnership consisting of Great Western Family Pizza, Inc., an Idaho corporation, John T. Byrd and Pamela A. Byrd, husband and wife, and John A. Newland and Irene Newland, husband and wife, Plaintiffs, Counter-Defendants and Appellants,
v.
DORSEY CONSTRUCTION CO., INC., an Idaho corporation, and Gary Carpenter, individually, Defendants, Counter-Plaintiffs and Respondents.
No. 13928.
Court of Appeals of Idaho.
March 16, 1982.
*955 William F. Yost, Yost, White & Ahrens, P.A., Nampa, for plaintiffs, counter-defendants and appellants.
Wayne E. Davis, Alexanderson, Davis, Rainey & Whitney, Caldwell, for defendants, counter-plaintiffs and respondents.
BURNETT, Judge.
J.E.T. Development and other property owners sued a contractor, Gary Carpenter, and his firm, Dorsey Construction Co., Inc., for failure to complete the construction of a restaurant. The contractor cross-claimed against the owners to foreclose a labor and materialmen's lien. After trial, the court denied relief on the owners' complaint and entered judgment for the contractor. The owners have appealed. We affirm.
We are asked to decide three questions: (1) Did the trial court err in finding that the parties had entered into a "cost-plus" contract and that the total charge against the owners under the contract was reasonable? (2) Did the trial court err in limiting rebuttal testimony? (3) Was the contractor entitled to a statutory attorney fee on his successful cross-claim?

I
The parties did not put their contract in writing. The owners have contended that they orally agreed to a $90,000 "target figure" for construction of the basic restaurant structure, and that they entered into a separate "cost-plus" oral agreement for additions to the building. During construction, the contractor regularly billed and received progress payments from the owners. When the billings exceeded $90,000, the owners stopped paying and the contractor left the site after substantially completing the work.
Sharply conflicting evidence was presented at trial concerning the original understanding of the parties. The trial court found that the parties had agreed to a "cost plus 15%" contract. The court further found that the costs incurred by the contractor were reasonable, and that the total charge to the owners was reasonable.
We will not reverse a trial court's findings of fact unless they are clearly erroneous. I.R.C.P. 52(a). The trial court's findings of fact will not be disturbed on appeal when they are supported by substantial and competent, though conflicting, evidence. E.g., First Realty & Investment Co., Inc. v. Rubert, 100 Idaho 493, 504, 600 P.2d 1149, 1160 (1979); Cougar Bay Co., Inc. v. Bristol, 100 Idaho 380, 383, 597 P.2d 1070, 1073 (1979). We have reviewed the record. Despite conflicts in the evidence, we cannot hold that the district court clearly erred in finding that the parties entered into a "cost-plus" contract.
The owners argue that even if there was a "cost-plus" contract, the contractor's recovery should not have exceeded the reasonable value of his services. A contractor under a "cost-plus" contract must reasonably control his costs. Westendorf v. Dininny, 103 App.Div. 593, 92 N.Y.S. 858 (1905); Metropolitan Elec. Co., Inc. v. Mel-Jac Const. Co., 576 P.2d 323 (Okl.App. 1978). The owners invite our attention to alleged incidents of mismanagement, such as failure to secure discounted prices on materials, in an effort to show that the contractor did not reasonably control costs. We need not join the owners in second-guessing each of the contractor's management decisions. The trial court, after reviewing extensive evidence on construction costs and appraisals of the value of the building, found that the total charge was reasonable. Again, the evidence is conflicting; but there is substantial and competent support for the court's finding. It is not clearly erroneous and will not be disturbed on appeal.

II
The owners contend that the trial court erred in denying their request to call the contractor as a rebuttal witness. The contractor had previously taken the stand twice, first as an adverse witness called by the owners during their case-in-chief, and *956 again as his own witness in support of the cross-claim. After the contractor closed his case, counsel for the owners sought to recall the contractor and examine him "over the cost-plus relationship." The trial court refused to allow further examination, saying that there had been adequate opportunity to examine the contractor. The court added, "I think the whole matter is covered and I don't think it would add anything." The trial court did allow the owners to call several other rebuttal witnesses concerning the "cost-plus" contract issue.
The initial examination of the contractor covered the bids received and the contractor's billing process. The owners later cross-examined the contractor on the "cost-plus" contract. We have examined this testimony and the testimony of the other witnesses. It does not appear that the trial court deprived the owners of an opportunity to develop their side of the case regarding the existence or administration of the "cost-plus" contract. The permissible scope of rebuttal rests in the sound discretion of the trial court. Absent abuse of such discretion, the ruling of the trial court will be affirmed. Cargill v. Hancock, 92 Idaho 460, 466, 444 P.2d 421, 427 (1968); Jones v. Talbot, 87 Idaho 498, 504, 394 P.2d 316, 319 (1964). The record in this case discloses no such abuse.
The owners urge us to apply Loftin v. Morgenstern, 60 So.2d 732 (Fla. 1952), which holds that prior cross-examination of a plaintiff does not bar a defendant from recalling the plaintiff as an adverse witness during the defendant's case-in-chief. We find Loftin to be inapposite. In the instant case, the owners did, in fact, examine the contractor during both cases-in-chief. Loftin did not reach the issue of a third examination, in rebuttal. We find nothing in Loftin inconsistent with the discretionary authority of an Idaho trial court, under Cargill and Jones, reasonably to control the scope of rebuttal testimony. We sustain the trial court's refusal in this case to allow a third examination of the contractor.

III
The owners argue that the trial court erred in awarding attorney fees and costs to the contractor under I.C. § 45-513. This statute relates to foreclosure of labor and materialmen's liens. It mandates inclusion of a reasonable attorney fee in a judgment of foreclosure. The contractor's cross-claim sought a determination of the amount due under the contract and foreclosure of a lien on the subject property to satisfy the obligation. Prior to trial, as an accommodation to the owners, the contractor stipulated to release of the lien upon condition that a sufficient sum of money would be held in a special account to pay any balance due the contractor. After trial, the court ruled that the relief sought by the cross-claim was "of the nature of a lien foreclosure." The court also noted that, but for the stipulation, the contractor would be entitled to foreclose directly against the property. He concluded that the stipulation did not displace the contractor's right to an attorney fee. We agree. The cross-claim, seeking to recover from the special account fund, was the functional equivalent of an action to foreclose the lien. We hold that I.C. § 45-513 was applicable to the cross-claim.
The owners next contend that the contractor should not recover a statutory attorney fee because the amount determined to be due under the contract was less than the amount claimed by the contractor in its notice of lien. However, the Idaho Supreme Court has held that a reasonable attorney fee is an incident of foreclosure of the lien. The lien itself is not rendered invalid merely because a claimant fails to prove the full amount of his original claim. Guyman v. Anderson, 75 Idaho 294, 271 P.2d 1020 (1954). Accordingly, we uphold the award of an attorney fee at trial. No request pursuant to I.A.R. 41 has been made for attorney fees on appeal.
The judgment of the district court is affirmed. Costs to respondents.
WALTERS, C.J., and SWANSTROM, J. concur.