780 P.2d 89

**Jeff BARBER,**
**Plaintiff–Respondent–Cross–Appellant,**

v.

**Frank HONOROF and Carol Honorof,**
**husband and wife,**
**Defendants–Appellants–Cross–Respondents.**

No. 17631.

Supreme Court of Idaho.

June 28, 1989.

Eisele & Jackson, Coeur d'Alene, for defendants-appellants-cross-respondents. Edward W. Kok argued, Coeur d'Alene.

Russell J. Gallagher, Coeur d'Alene, for plaintiff-respondent-cross-appellant.

HUNTLEY, Justice.

This is an appeal by Frank and Carol Honorof (Honorof) from a judgment in favor of Jeff Barber (Barber) in an action to foreclose a materialman's lien. We affirm the judgment of the trial court insofar as it ordered the lien foreclosed, dismissed Honorof's counterclaim, and denied Barber's request for prejudgment interest. However, we reverse and remand this case to the district court to determine Barber's reasonable attorney fees.

## Background of the Appeal

This action arose out of a contract dispute between Barber and Honorof respecting certain concrete work performed at the Honorofs' residence. Frank and Carol Honorof are the owners of a home near Priest River, Idaho. Jeff Barber is an individual concrete finisher conducting business in the state of Idaho. In June 1984, Honorof hired Barber to perform concrete work on a number of projects through the summer and into the fall of 1984. Barber completed these project and was paid for his work.

In November 1984, Barber and Honorof entered into the agreement that would subsequently be the subject of this litigation. The agreement called for Barber to supervise, place the forms, set the rebar, level to grade and finish the concrete for the Honorofs' driveway. Neither party disputes that a contract existed in which Barber would pour and finish the concrete for the driveway, or that Honorof would pay him for those efforts. However, there was no discussion or agreement between the parties as to how much Honorof would pay or what price Barber would charge for this work.

Barber began work on 9 November 1984. Honorof purchased and supplied all the concrete material for the job while Barber poured and finished it. He completed work on 27 November 1984, pouring and finishing a total of 10,034 square feet of concrete. Upon completion of the work Barber presented a bill for services performed which reflected a charge of $.90 per square foot. Honorof refused to pay, asserting that the bill was excessive and inconsistent with what Barber had charged for those projects he had earlier completed.

Barber filed a claim of lien on 29 November 1984 for $12,602.60, and on 28 December 1984, he filed a complaint in district court seeking foreclosure of the lien in the amount of $11,675.60. Soon thereafter, Honorof filed a counterclaim alleging the concrete Barber had poured and finished had deteriorated because he poured it during inclement weather and this constituted a failure to perform in a good and workmanlike fashion in violation of the Idaho Consumer Protection Act. At the conclusion of trial, the district court held that Barber was entitled to an $8,291.00 judgment and entered judgment of foreclosure of his materialman's lien in that amount. Contemporaneous with this determination, the court dismissed Honorofs' counterclaim and disallowed Barber's request for prejudgment interest and attorney fees.

## I.

### Materialman's Lien

The well-established rule in Idaho is that materialman lien statutes are to be liberally construed so as to effect their objects and to promote justice. *Chief Industries Inc. v. Schwendiman*, 99 Idaho 682, 685, 587 P.2d 823, 826 (1978); *Ross v. Olson*, 95 Idaho 915, 917, 523 P.2d 518, 520 (1974); *Pierson v. Sewell*, 97 Idaho 38, 41, 539 P.2d 590, 593 (1975). The purpose of

these statutes is to compensate persons who perform labor upon or furnish material to be used in construction, alteration or repair of a structure. *Pierson at 41*, 539 P.2d at 593; *Boise Payette Lumber Co. v. Weaver*, 40 Idaho 516, 234 P. 150 (1925). As a materialman's lien is a creature of statute, at least a "substantial compliance" with the requirements of the lien statutes is necessary for creation of a valid lien. *Chief Industries Inc.* at 685, 587 P.2d at 826; *Layrite Prod. Co. v. Lux*, 86 Idaho 477, 388 P.2d 105 (1964).

▆ The evidence shows that Barber's claim of lien, which was filed pursuant to I.C. § 45-501 *et. seq.*, accurately described the property which was subject to the lien, was filed within the statutorily required ninety-day period since the furnishing of the last item of material or labor, and accurately reflected the owners of the property subject to the lien as Frank and Carol Honorof. In our opinion, Barber has substantially complied with the statutory requirements to create a valid lien.

Honorof argues that the claim of lien had a fatally defective description as to the dollar amount of the lien, and, therefore, there can be no valid lien and no foreclosure proceedings based upon a defective notice of claim. They assert that Barber's claim of lien is invalid because it claimed an amount owing of $12,602.60, whereas the complaint seeking foreclosure was filed in the amount of $11,675.60, and the judgment ultimately awarded by the trial court upon which foreclosure was ordered was for $8,291.00. However, they fail to cite any legal authority to support this theory.

▆ The fact that the amount on the notice of claim and the amount prayed for in the foreclosure complaint differ is not enough to render the lien invalid. The record shows that Barber contacted Honorof and made him aware that the $12,-602.60 figure on the notice of claim was an error and attempted to correct this by filing the complaint seeking foreclosure in the amount of $11,675.60, a figure Barber believed to be correct. When this case went to trial, however, it was held that

$11,675.60 was not reasonable. The court felt that fair and reasonable compensation for the work performed was Barber's out-of-pocket expenses plus a reasonable hourly rate, not $.90 per square foot as he had charged; thus, he was awarded $8,291.00, instead of the $11,675.60 claimed. Whereas the general purpose of I.C. § 45-501 *et seq.* is to compensate persons who perform labor and/or furnish materials for construction projects, the specific purpose of the claim of lien is to give notice and to provide the contractor with security until he is able to be compensated for his services. *Compare Guyman v. Anderson*, 75 Idaho 294, 271 P.2d 1020 (1954) (stating that "the lien is not provided as a penalty, but rather as security").

As stated earlier, substantial compliance with the lien statutes is all that is required, not absolute accuracy. *Chief Industries, Inc. v. Schwendiman*, 99 Idaho 682, 685, 587 P.2d 823, 826 (1978). That is not to say that contractors are free to abuse the statutes by claiming an amount known to greatly exceed that which is truly owing. Such is not the case here, as Barber made a good faith effort to comply with the lien statutes. Therefore, in the absence of oppression or some other circumstances which would justify a court of equity denying foreclosure, there is no reason it should not be granted, even though Barber failed to establish his right to the full $11,675.60 and was ultimately awarded a lesser amount. *Guyman*, 75 Idaho at 296, 271 P.2d at 1022.

### The Honorofs' Counterclaim

Honorof counterclaimed at the district court level, asking for a complete setoff against the amount of Barber's lien, alleging the concrete he poured and finished had deteriorated because of his failure to perform in a workmanlike fashion in violation of the Idaho Consumer Protection Act. See *Dawson v. Eldredge*, 89 Idaho 402, 405 P.2d 754 (1965) (stating that where a counterclaim amounts to a complete setoff against the amount of the lien, the lienholder is not entitled to foreclose).

■ This issue turns on the validity of factual findings by the trial court. Findings of fact by a trial court will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Clear error, in turn, will not be deemed to exist if the findings are supported by substantial and competent, though conflicting, evidence. *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983) (citing *J.E.T. Development v. Dorsey Const. Co., Inc.,* 102 Idaho 863, 642 P.2d 954 (Ct.App.1982).

At the conclusion of trial it was held that Barber did not engage in conduct which would violate the Idaho Consumer Protection Act.

■ Apparently, the concrete surface of the Honorofs' driveway began to spall soon after Barber had finished paving it. The district court's findings of fact determined that the surface of the concrete finish, which was poured and finished by Barber, spalled due to pouring the cement during the onset of inclement weather. The Honorof testimony indicates that they were unaware that the quality of Barber's work would be affected by the adverse weather conditions. Based upon evidence presented by both parties, however the district court found that Barber was instructed to continue work on the project despite advising Honorof of the possible effect of the unfavorable weather conditions. Whereas there is conflicting evidence on the record regarding Honorofs' knowledge of this risk, it is the trial court, as the trier of fact, which has the opportunity to judge the credibility of the witnesses who appear before it. Here there was substantial competent evidence to support the trial court's finding that Honorof knew that there was a risk of substandard results given the weather conditions and directed the work nevertheless proceed. Accordingly, we affirm the district court's dismissal of the Honorof counterclaim.

## II.

### Prejudgment Interest

■ We turn now to Barber's argument that the trial court erred in denying his motion for prejudgment interest. It is well settled in Idaho that courts have refused to allow interest from a time prior to judgment when the principal amount of liability was unliquidated. *Leliefeld v. Panorama Contractors, Inc.,* 111 Idaho 897, 728 P.2d 1306 (1986); *Farm Development Corp. v. Hernandez,* 93 Idaho 918, 478 P.2d 298 (1970). Where the amount of liability is liquidated, however, or capable of ascertainment by mere mathematical process, this court has allowed interest from a time prior to judgment. *United States Fidelity & Guaranty Company v. Clover Creek Cattle Company,* 92 Idaho 889, 452 P.2d 993 (1969); *Guyman v. Anderson,* 75 Idaho 294, 271 P.2d 1020 (1954). *Leliefeld,* 111 Idaho at 907, 728 P.2d at 1316. In order for interest to be computed from the date of breach of contract, the amount upon which the interest is to be based must have been mathematically and definitely ascertainable. *Hernandez,* 93 Idaho at 920, 478 P.2d at 300; See also *Davis v. Professional Business Services,* 109 Idaho 810, 712 P.2d 511 (1985).

■ Barber's bill for his services reflected a charge of $.90 per square foot of concrete poured and finished. The trial court felt that this was not a fair or suitable basis upon which to determine the Honorof's final bill. It was decided by the court that fair and just compensation for Barber should be determined by charging a reasonable hourly rate in addition to his out-of-pocket expenses. The evidence introduced by both parties to determine this hourly rate was conflicting and the trial court had to determine the amount owing based upon this conflicting testimony. Thus, it cannot be said that the amount of prejudgment damages was ascertainable by mere mathematical process or by a recognized standard. See *Child v. Blaser,* 111 Idaho 702, 727 P.2d 893 (Ct.App.1986). The trial court held and we affirm that Barber was not entitled to prejudgment interest as the amount of money claimed by him was not determinable with mathematical certainty.

### III.

### Attorney Fees

Finally, Barber contends that the trial court erred in failing to award attorney fees pursuant to the lien statute, I.C. § 45–513. It is well established in Idaho that assessment of reasonable attorney fees is incident to foreclosure of a materialman's lien. In *Jaynes v. Potlatch Forests,* 75 Idaho 297, 271 P.2d 1016 (1954) this Court stated:

> The claim for attorney's fees follows the lien as an incident to the foreclosure thereof. *Shaw v. Johnston,* 17 Idaho 676, 107 P. 399; *Smith v. Faris–Kesl Const. Co.,* 27 Idaho 407, 150 P. 25. The statute expressly requires the court to fix and allow reasonable attorney's fees, § 45–513 I.C., and, as a part of the costs, the amount paid for filing and recording the lien.

In *J.E.T. Development v. Dorsey Const. Co.,* 102 Idaho 863, 865, 642 P.2d 954 (Ct. App.1982) the following statement is made:

.     .     .     .     .

> [Idaho Code § 45–513] relates to foreclosure of materialmen's liens. It *mandates* inclusion of reasonable attorney fees in a judgment of foreclosure. (Emphasis added.)

*J.E.T. Development* at 865, 642 P.2d at 956. In its finding of fact the trial court concluded there were substantial equitable reasons to prohibit the awarding of attorney fees. The basis for this finding was that the amount Barber ultimately recovered differed from the amount he claimed in his original notice of claim to Honorof.

The lien itself is not rendered invalid merely because a claimant fails to prove the full amount of his original claim. *Guyman v. Anderson,* 75 Idaho 294, 271 P.2d 1020 (1954). The Idaho Supreme Court has held that if a contractor is awarded a foreclosure of his materialman's lien, a reasonable attorney fee is an incident thereof. *J.E.T. Development* at 865, 642 P.2d at 956. The operative phrase in I.C. § 45–513 is "reasonable attorney fees," and the trial court is free to consider all factors it deems

as having a bearing on this case in its determination of what is reasonable. For example, there is an indication on the record that Honorof extended a settlement offer to Barber prior to trial which was the near equivalent of the judgment ultimately awarded by the court. We reverse the denial of attorney fees and remand this case to the district court for award of a reasonable fee after consideration of all relevant factors bearing on the determination.

Affirmed in part, reversed in part and remanded for further proceedings consistent herewith. Costs to Barber; no attorney fees awarded on appeal.

BAKES, C.J., and BISTLINE and JOHNSON, JJ., concur.

SHEPARD, J., sat but did not participate due to his untimely death.