869 P.2d 578

**FELLOWSHIP TABERNACLE, INC., an Idaho Corporation, Plaintiff–Counterdefendant Respondent–Cross Appellant,**

v.

**George BAKER, Defendant–
Counterclaimant Appellant–
Cross Respondent.**

No. 20442.

Court of Appeals of Idaho.

Feb. 22, 1994.

Thomas G. Maile, IV, Eagle, for appellant.

Kenneth F. White, Nampa, for respondent.

PERRY, Judge.

Fellowship Tabernacle, Inc. ("Fellowship") is a non-profit Idaho corporation operating as a church in Nampa. Following a series of disputes, the board of directors of Fellowship attempted to discharge the pastor, George Baker. When Baker refused to resign, Fellowship filed an action seeking to enjoin Baker from carrying on any church business or returning to the church property. Baker filed a counterclaim seeking damages for wrongful termination and for breach of contract. The actions were heard simultaneously, and the jury returned a verdict for Baker. Fellowship moved for a judgment notwithstanding the verdict, a new trial or for the district court to alter or amend the judgment. These motions were denied. The district court also denied requests by both parties for attorney fees. Baker appealed, claiming it was error for the district court to deny his request for attorney fees. Fellowship cross-appealed, citing as error the district court's denial of its post-trial motions. For the reasons stated below, we affirm.

## FACTS AND PROCEDURE

In the spring of 1991, Fellowship Tabernacle, Inc. and Baker entered into an agreement whereby Baker would assume the duties as pastor of the church. At trial, the only evidence offered of the contract, aside from the parties' testimony, was a tape recording of a telephone conference between Baker and the members of the congregation held on April 17, 1991. During the course of the conference, Baker explained his "vision" for the church. He stated he would like to make a vigorous effort at expanding the ministry of the church for one year and then, at the end of the first year, evaluate the position of the church and pastor. No evidence was put forth as to when employment was offered to Baker, when he accepted the position of pastor or what the other terms of the employment contract were to be. Both sides did agree, however, that Baker began work on July 1, 1991.

The bylaws of the Fellowship corporation provided that the term of office for the pastor would be "perpetual." They further provided that the pastor would serve as chairman of the board of directors of the corporation. The only way the board of directors could force the pastor's resignation, according to the bylaws, would be if the pastor began to lead an "immoral life" or live in a manner that was "openly contrary to the standards of Fellowship Tabernacle, Inc."

Near the end of the first year of Baker's employment, conflicts arose between various board members and Baker. There was evidence at trial that Baker had steadfastly insisted that the board resolve a seven-year-old tax situation. The members of the board, however, seemed ambivalent, even uncooperative, with regard to the problem. There was also evidence of a disagreement between Baker and some of the board members regarding the sale of a parcel of church property. Following the passage of a resolution by the board of directors, wherein seven of the eight board members agreed to the sale of the property to Northwest Nazarene College, one of the two trustees who were required to sign the resolution refused to do so. Baker "whited out" the trustee's name as typed on

the document, replaced it with his own and signed the resolution.

Following the land transaction, the disagreements between the board and the pastor intensified, culminating in the pastor's attempt to remove seven of the eight board members and the board discharging the pastor. The board terminated Baker's employment on June 22, 1992, nine days prior to the end of Baker's first full year at Fellowship.

Following the vote by the board to discharge him, Baker asserted that, pursuant to the bylaws, he could not be fired unless the board found him guilty of immorality, which he claimed they had not. The board filed an action in district court to enjoin Baker from conducting any further church business and from coming onto the church premises. Baker filed a counterclaim, contending that Fellowship had wrongfully terminated him and breached the employment contract. The district court decided to hear both actions together. Under this procedure, a jury would hear Baker's wrongful termination claim, while the district court would decide whether to grant Fellowship's request for injunctive relief. The trial was held in October, 1992.

At trial, both sides introduced evidence of the problems between the church and the pastor. The issue of the back taxes, the sale of the land and other points of disagreement all were brought before the jury. Baker testified that his salary was initially $1,600 per month but was later raised to some unspecified amount. He further testified that he was paid approximately $1,500 for June and collected $1,100 for July of 1992. Baker also testified that along with his salary, he was paid an additional $150 or $155 per month to cover health insurance. Throughout the trial, Baker maintained that his employment contract was perpetual, and that the actions taken by the board could not discharge him or force his resignation under the bylaws.

The jury returned a verdict for Baker in the amount of $7,150. The district court also granted the injunction that Fellowship had requested. Following the trial, the district court denied Baker's motion for attorney fees, but granted each party's motion for costs. The district court also denied Fellowship's post-trial motions for judgment notwithstanding the verdict, a new trial or an alteration of the judgment. Baker appeals from the denial of his motion for attorney fees, and Fellowship appeals the denial of its post-trial motions.

## ANALYSIS

### I. ATTORNEY FEES

■ Baker claims that because he was the prevailing party in an action to recover on a commercial transaction[1] for an amount less than $25,000, he is entitled to attorney fees under both I.C. §§ 12–120(1) and 12–120(3).

Idaho Code § 12–120 states in part:

(1) Except as provided in subsection (3) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees....

. . . .

(3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes....

Both subsections state that a prevailing party *shall* be awarded fees given the fulfillment of the proper conditions. The issue in this case is whether the district court abused its discretion in finding that neither party had prevailed.

---

1. Baker does not claim that this was a contract for personal services under I.C. § 12–120(3). Because we decide that the district court did not abuse its discretion in determining that neither party "prevailed," we need not address Baker's characterization of the contract.

An award of attorney fees rests within the sound discretion of the district court. A party disputing such an award has the burden to establish an abuse of discretion. Furthermore, when determining who is the prevailing party for purposes of attorney fee awards, the court must examine: the final result obtained in relation to the relief sought, whether there were multiple claims or issues and the extent to which either party prevailed on each separate issue or claim. *Joseph C.L.U. Ins. Assoc. v. Vaught,* 117 Idaho 555, 557, 789 P.2d 1146, 1148 (Ct.App. 1990); *Chadderdon v. King,* 104 Idaho 406, 411, 659 P.2d 160, 165 (Ct.App.1983).

Implicit in the trial court's denial of attorney fees is the conclusion that neither party prevailed. We agree. Fellowship initially filed this action for injunctive relief to prevent Baker from engaging in any further corporate and church business. The injunction was granted by the trial court. Baker counterclaimed for damages under breach of contract and wrongful termination theories, on which the jury awarded $7,150 in damages. In light of the final result of the trial, we cannot say that the district court erred in finding that Baker did not prevail for the purposes of either I.C. §§ 12–120(1) or 12–120(3).

Nor can we accept Baker's contention that the trial mainly dealt with his claim of wrongful termination and, therefore, the district court should have awarded him attorney fees for the trial. Baker's position is based on the fact that neither party offered additional evidence regarding the equitable claim following the presentation heard by the jury. The failure to present further evidence was, however, merely an indication that all the necessary aspects of the equitable claim had already been properly presented. We will not attempt on appeal to determine what percentage of the evidence presented at the trial was devoted to Baker's claim, to Fellowship's or to both. Nor should the district court have been required to do so below. Therefore, the district court did not abuse its discretion in determining that Baker was not a prevailing party and denying Baker's motion for attorney fees.

As an alternative to his request for attorney fees under I.C. § 12–120, Baker also sought attorney fees under I.C. § 12–121. This section also provides for an award of attorney fees to the prevailing party. According to the analysis above, the district court did not err in determining that neither party was the prevailing party. That analysis also applies to any award of fees under § 12–121, and therefore the district court was also correct in denying Baker fees under this alternate statute.

## II. POST–TRIAL MOTIONS

Following the trial, Fellowship moved for a judgment notwithstanding the verdict, a new trial or an alteration of the judgment. The district court denied the motions and entered judgment against Fellowship as found by the jury. Fellowship cross-appeals the denial of the post-trial motions.

When reviewing the granting or denial of a motion for a judgment notwithstanding the verdict under I.R.C.P. 50(b), we have free review to determine if substantial evidence existed which would warrant giving the case or issue to the jury. *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986). Also, on reviewing a motion for a new trial under I.R.C.P. 59(a), we recognize that the district court has broad discretion when ruling on such a motion. A determination by the district court will not be overturned absent an abuse of discretion. *Id.* Likewise, an order granting or denying a motion to alter or amend under I.R.C.P. 59(e) will not be overturned absent an abuse of discretion. *Lowe v. Lym,* 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982).

Fellowship's cross-appeal presents four separate assertions: (1) the evidence was insufficient to support the verdict and the amount of damages awarded, (2) there was good cause to discharge Baker, (3) the jury arrived at its verdict through passion and prejudice and (4) many issues were ecclesiastical in nature and therefore not subject to judicial determination.

On its first issue, insufficiency of the evidence, Fellowship alleges that there was not enough evidence presented to the jury to

establish that anything other than a one-year contract existed. Fellowship further asserts that even if the jury concluded that Baker was wrongfully terminated, the jury's calculation of damages between the termination and the time of trial was incorrect. While it is true that there was minimal evidence presented at trial regarding the contract, it was never disputed that there was a general agreement regarding employment. The only dispute was the duration of the term of employment. Baker testified that, according to the bylaws of the church corporation, he believed his employment would be "perpetual."[2] Fellowship offered evidence that the board believed the contract was only for one year based on the taped telephone conference Baker held with members of the church congregation. Although Fellowship claims the discussions at this meeting created a contract, we cannot agree. The language was precatory and spoken as Baker discussed his "vision" for the church with the congregation. There was no evidence of acceptance of the one-year term by the board or its incorporation into the employment agreement. No written contract was ever offered into evidence. It was a question of fact for the jury to determine the intent of the parties when the contract was formed as to the duration of the term.

Similarly, the question of damages was not well presented to the jury. Baker testified that he made more than $1,600 per month with an additional $150 or $155 for health insurance. If the jury concluded that Baker was wrongfully terminated from a perpetual contract, the amount of damages the jury could award would not necessarily be limited to the salary accrued up to the time of trial. There was no evidence introduced at trial that Baker had begun employment elsewhere and that his damages were therefore mitigated or terminated. Without a special verdict form, we have no record from which to determine for what time period damages were awarded or what salary rate the jury finally used to calculate the damages. We further have no record to show what the jury determined to be an appropriate length of time for Baker to gain other employment. We cannot

say, however, that the evidence at trial was insufficient to allow the issue to go to the jury. Nor can we say the evidence was so insufficient as to warrant a new trial or amended verdict. Therefore, we hold that the district court did not err in denying the motions on these grounds.

■ Fellowship's second assertion, that there was good cause to fire Baker, simply invites us to review the jury's factual determinations. At trial there was evidence that Baker had insisted upon paying an existing tax liability and that the board was not wholly supportive of this plan. There was also evidence that the board and Baker disagreed on the sale of church property and that Baker "whited out" the name of a trustee on a resolution and put in his own. In addition to these two instances, a number of other examples of the discord spreading through the church were presented. The board's actual motivation for firing Baker was a question for the jury to decide. From the verdict, it appears that the jury simply did not accept Fellowship's claim that it had good cause to fire Baker. That decision was certainly within the jury's province. Given the nature of the evidence presented at trial, we find no error in the district court's decision to let the verdict stand on this ground.

■ Fellowship also argues that the verdict was arrived at through passion and prejudice and, therefore, the district court erred by not granting any part of its post-trial motion. Fellowship supports this assertion by pointing out that the jury sent a note to the judge asking whether the jury could include attorney fees in its award. Fellowship also relies on the $7,150 verdict as evidence of passion and prejudice. We fail to see, however, how these two items establish the jury reached its conclusion by passion and prejudice. When referring to the actions of a jury, "passion and prejudice" means anger, resentment, hate, absence of reflection, disregard for the rights of others and other similar motives. *Coulthard v. Cossairt*, 803 P.2d 86, 91 (Wyo.1990). The fact that the jury questioned the judge about attorney fees in-

---

2. Baker also testified that he was familiar with the bylaws through his previous contacts with

Fellowship and had reviewed them prior to his beginning work for the church.

dicates only that the jury was unsure if attorney fees were to be included in its award. Similarly, the amount of the verdict in itself does not reveal any improper motives. Without more, the claim that the jury reached its verdict by passion and prejudice is without merit.

■ The final contention advanced by Fellowship in support of its post-trial motions is that many of the issues decided at trial were ecclesiastical in nature and not subject to judicial determination. Whereas we agree with Fellowship that it is not the place of the district court to decide matters that are ecclesiastical in nature, we disagree that the doctrine applies to this case. The issues before the district court and jury involved an employment contract, its alleged breach, the various reasons asserted for the breach and the damages related to that breach. Simply because a church is involved in the litigation does not make the matter ecclesiastical. Fellowship argues that the reasons the board listed for discharging Baker were primarily ecclesiastical and for the district court to rule on those issues is beyond its jurisdiction as a court of law. The jury was not asked, however, to decide whether the asserted reasons for terminating Baker were objectively valid, nor whether the action taken by the board was an ecclesiastical punishment. Instead, the jury was asked to determine if the reasons the board listed were, in fact, why the church fired Baker and whether that action was proper under the church's own bylaws. The bylaws were not simply church rules governing religious doctrine and policy, but were, rather, the bylaws of an Idaho non-profit corporation governing its corporate affairs. We conclude that there were no ecclesiastical questions decided by the jury or the district court and, therefore, Fellowship's post-trial motions were properly denied on those grounds.

III. ATTORNEY FEES ON APPEAL

Both parties seek attorney fees on appeal under I.A.R. 41 and I.R.C.P. 54(e)(1). Under normal circumstances, we do not award attorney fees on appeal unless we are left with the abiding belief that the appeal was "brought, pursued or defended frivolously,

unreasonably or without foundation." I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). In applying these considerations to this case, we decline to award attorney fees to either party.

## CONCLUSION

Because both parties were successful on their primary claims at trial, the district court did not err in its determination that neither was the prevailing party. Based on this determination, the district court did not err in its denial of attorney fees below. We also conclude that the district court did not abuse its discretion in denying Fellowship's post-trial motions for a new trial or for an amended judgment. Similarly, our independent review of the record indicates there was sufficient evidence to send the various issues to the jury and, thus, the motion for judgment notwithstanding the verdict was properly denied. Neither party has shown that this appeal has been pursued frivolously, unreasonably or without adequate foundation. Without such a showing, neither party is entitled to attorney fees on appeal. Each party to bear its own costs on appeal.

WALTERS, C.J., and LANSING, J., concur.