873 P.2d 1340

**Bruce OLSEN, dba Olsen Brothers Construction, Plaintiff–Appellant,**

v.

**Frank and Gail ROWE, Defendants–Respondents.**

No. 20482.

Court of Appeals of Idaho.

April 19, 1994.

Petition for Review Denied June 2, 1994.

Rosholt, Robertson & Tucker, Twin Falls, for plaintiff-appellant. Justin R. Seamons, argued.

Smith & Beeks, Twin Falls, for defendants-respondents. Paul M. Beeks, argued.

PERRY, Judge.

Bruce Olsen, doing business as Olsen Brothers Construction, appeals from the district court's denial of his motion for attorney fees and costs in an action for foreclosure of a mechanic's lien against Frank and Gail Rowe. For the reasons stated below, we reverse and remand to the district court to make an appropriate award of fees and costs.

## FACTS AND PROCEDURE

This case arises out of a dispute concerning construction work that Olsen performed for the Rowes. In the fall of 1990, the parties entered into an agreement whereby Olsen was to construct certain improvements on property owned by the Rowes. Although the Rowes paid $10,000 on the contract, a dispute arose over certain defects in the work performed and the Rowes refused to pay any additional amounts. Olsen filed a claim of lien pursuant to I.C. § 45–507 and then filed a complaint in the district court seeking foreclosure of the lien. The Rowes counterclaimed, alleging damages as a result of defects in the work. ,

Sitting without a jury, the district court found for Olsen on his complaint and award-

ed him $16,190.29. The district court also found that some of the work was defective and awarded the Rowes $4,116 on two of the six counts of their counterclaim. The final award to Olsen, therefore, amounted to $12,-074.29. Following the trial, both parties sought costs and attorney fees. Olsen requested costs and fees pursuant to I.C. §§ 12–120 and 45–513 while the Rowes did so pursuant to § 12–120 only. The district court determined that neither side was the "prevailing party" under I.R.C.P. 54 and therefore, denied the requests for costs and attorney fees.

Prior to the filing of this appeal, the Rowes paid the amount found owing to Olsen and secured a release of the lis pendens that Olsen had filed on their property. Olsen then filed this appeal, contending that the district court erred by failing to grant his request for costs and attorney fees.[1]

Before Olsen's appellate brief was filed with the Supreme Court, the Rowes filed a motion to dismiss the appeal on the ground that the case had been settled. Both parties filed affidavits and briefs in support of their respective positions on the motion to dismiss. The Supreme Court considered the matter and entered an order denying the motion, referring the parties to *Long v. Hendricks*, 117 Idaho 1051, 1053, 793 P.2d 1223, 1225 (1990). As part of the respondents' brief on appeal, the Rowes now argue that this Court should reconsider the denial of their motion to dismiss the appeal.

In addition to the above arguments, both parties assert that they are entitled to attorney fees on appeal.

## ANALYSIS

### A. MOTION TO DISMISS THE APPEAL

■ We first address the Rowes' contention that this Court should reconsider the Supreme Court's denial of their motion to dismiss the appeal. The motion was filed with the Supreme Court on March 10, 1993. Following the submission of affidavits and briefs, an order denying the motion was en-

---

1. Originally Olsen also appealed the denial of prejudgment interest, but later withdrew that issue following the Idaho Supreme Court's decision in *Ervin Constr. Co. v. Van Orden*, 125 Idaho 695, 874 P.2d 506 (S.Ct. No. 20388, slip op. August 25, 1993).

tered by the Supreme Court on April 7, 1993. Including in an appellate brief, as an issue on appeal, a request for reconsideration of a motion that has already been submitted to, and ruled upon, by the Supreme Court, will not resurrect the motion before this Court. Therefore, we do not consider the Rowes' argument that the appeal should have been dismissed by the Supreme Court.

## B. DENIAL OF OLSEN'S REQUEST FOR ATTORNEY FEES AND COSTS

■ Following the trial, both parties filed a memorandum of costs which included a request for attorney fees. The district court noted in its order denying costs and fees to both sides that I.C. § 12–120 was a proper statutory basis for the requests. The district court also noted, however, that Olsen could properly request fees under I.C. § 45–513. The district court then went on to engage in a "prevailing party" analysis under I.R.C.P. 54(e)(1), stating that "To decide if attorney fees or costs are appropriate, the court must first determine who prevailed." After determining that neither party prevailed, the district court concluded that both sides would be responsible for their own costs and fees.

Following the district court's initial ruling, Olsen filed a motion for reconsideration, claiming that I.C. § 45–513 provided for a mandatory award of costs and fees and therefore was not subject to a prevailing party analysis under I.R.C.P. 54(e). The district court denied the motion for reconsideration and noted in its order that I.R.C.P. 54(e) was adopted subsequent to I.C. § 45–513. The district court reasoned that the Supreme Court must have been aware of the effect Rule 54 would have on § 45–513. The district court concluded that Rule 54(e) was applicable to I.C. § 45–513.

■ As to the denial of attorney fees based on I.C. § 12–120, the district court's determination that neither party prevailed will not be overturned on appeal absent a showing of an abuse of discretion. *See Fellowship Tabernacle, Inc. v. Baker*, 125 Idaho 261, 263–264, 869 P.2d 578, 580–81 (Ct.App. 1994). Based on our review of the record, we find no abuse of discretion in the district

court's decision that neither side was the prevailing party. The denial of fees under I.C. § 45–513, however, requires a different analysis.

Idaho Rule of Civil Procedure 54(e)(1) states that "In any civil action the court *may* award reasonable attorney fees to the *prevailing* party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract...." (Emphasis added.)

Idaho Code § 45–513, on the other hand, states, "The court *shall* also allow as part of the costs the moneys paid for filing and recording the claim [of lien], and reasonable attorney's fees." (Emphasis added.) This provision has been interpreted to mean that the costs of filing and recording, as well as the attorney fees, are incidental to the foreclosure of the lien. Therefore, the lien is also enforceable as to the costs and fees. *See Smith v. Faris–Kesl Constr. Co., Ltd.*, 27 Idaho 407, 423, 150 P. 25, 30 (1915) (attorney's fee is merged with and becomes a part of the principal debt for which foreclosure of the lien is sought); *see also Barber v. Honorof*, 116 Idaho 767, 771, 780 P.2d 89, 93 (1989); *J.E.T. Development v. Dorsey Construction Co.*, 102 Idaho 863, 865, 642 P.2d 954, 957 (Ct.App.1982). Our Supreme Court has indicated that the statutory right to attorney fees under I.C. § 45–513 upon lien foreclosure applies even where the defendant property owner has been successful on a counterclaim, so long as the counterclaim did not totally offset the amount of the lien. *Dawson v. Eldredge*, 89 Idaho 402, 409, 405 P.2d 754, 761 (1965).

■ Therefore, it appears that I.C. § 45–513 provides for a mandatory award of attorney fees as part of the enforcement of the lien, while I.R.C.P. 54(e)(1) requires the finding of a prevailing party within the discretion of the district court. This apparent conflict, however, is resolved by the language of I.R.C.P. 54(e)(8): It states:

The provisions of this Rule 54(e) relating to attorney fees shall be applicable to all claims for attorney fees made pursuant to section 12–121, Idaho Code, and to any claim for attorney fees made pursuant to any other statute, or pursuant to any contract, to the extent that the application of this Rule 54(e) to such a claim for attorney

fees *would not be inconsistent* with such other statute or contract. [Emphasis added.]

To the extent that Rule 54(e) is inconsistent with I.C. § 45–513, we hold that the rule has no application and does not modify the statute.

■ This same analysis applies to the costs of foreclosure of a lien under I.C. § 45–513. It would be inconsistent to require an award of attorney fees for the foreclosure of a lien and not require an award of costs. Therefore, when a party successfully forecloses on a lien filed pursuant to I.C. § 45–507, that party is entitled to an award of the costs associated with the foreclosure pursuant to I.C. § 45–513.

■ Thus, we conclude that upon the successful entry of a judgment of foreclosure of a lien claimed under I.C. § 45–507, an award of attorney fees and costs is mandatory. The *amount* of the award, however, is still a matter of discretion for the district court. *See Barber, supra.* In determining the amount, the district court is free to consider the factors of I.R.C.P. 54(e)(3) as well as those considerations which are part of a prevailing party analysis under I.R.C.P. 54(d)(1)(B). Therefore, this case must be remanded to the district court for an award of costs and attorney fees pursuant to I.C. § 45–513. The district court may, in the exercise of its discretion, fashion the amount of the award to reflect the fact that Olsen did not collect the entire amount of the contract and the Rowes were awarded damages for the defects in the work performed.

## C. ATTORNEY FEES ON APPEAL

As for Olsen's request for attorney fees on appeal, I.C. § 45–513 has frequently been held not to allow for attorney fees on appeal. *Beall Pipe & Tank Corp. v. Tumac Intermountain, Inc.* 108 Idaho 487, 493, 700 P.2d 109, 115 (Ct.App.1985); *W.F. Constr. Co. v. Kalik,* 103 Idaho 713, 716, 652 P.2d 661, 664 (Ct.App.1982). In addition, Olsen requests an award of attorney fees on appeal pursuant to I.C. § 12–120. The basis of this appeal was not the district court's ruling on the underlying commercial transaction. Rather, Olsen sought on appeal a review of the denial of attorney fees only. Therefore, we decline

to award attorney fees on appeal under I.C. § 12–120. *See DeWils Interiors, Inc. v. Dines,* 106 Idaho 288, 678 P.2d 80 (Ct.App. 1984). This does not, however, exclude the possibility of an award of attorney fees under I.C. § 12–121 if the reviewing court is left with the abiding belief that the appeal has been pursued frivolously, unreasonably or without foundation. *Treasure Valley Plumbing & Heating, Inc. v. Earth Resources Co.,* 115 Idaho 373, 380, 766 P.2d 1254, 1261 (Ct. App.1988). Based on the facts of this case, however, we are not left with such a belief and decline to award attorney fees to either side on appeal.

## CONCLUSION

The Supreme Court's denial of the Rowes' motion to dismiss this appeal is not properly before this Court and we will not address that issue. The district court erred by failing to award Olsen costs and attorney fees as mandated by I.C. § 45–513. We remand for a determination of such an award. In arriving at the amount of the award, the district court is free to consider the factors enumerated under I.R.C.P. 54(e)(3) and 54(d)(1)(B). Neither side is awarded attorney fees on appeal. However, Olsen is awarded costs.

WALTERS, C.J., and LANSING, J., concur.