(February 20, 1907.)

GEORGE RINKER, Respondent, v. J. A. LAUER, Appellant.

[88 Pac. 1057.]

VERDICT—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

1. *Held*, that the evidence is insufficient to sustain the verdict.

2. Where it is understood between the parties that the defendant should make a settlement and pay a commission man for selling real estate, and also pay all taxes against such real estate and render certain services for the plaintiff, such claims are a valid offset or counterclaim against the promissory notes of the defendant owned by the plaintiff and sued on in the action, and it was error for the court to instruct the jury that the defendant was not entitled to a credit on said notes until he had given the plaintiff a statement of said claim and asked for credit on said notes.

3. Where a promissory note provides for an attorney's fee, and suit is brought thereon, the plaintiff is entitled to recover a reasonable attorney's fee, provided the plaintiff recovers judgment on such notes.

4. A reasonable fee for the services rendered is the value of such services.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Action to recover on promissory note. Payment pleaded as a defense. Judgment in favor of plaintiff. *Reversed.*

Ira W. Kenward, for Appellant.

Each item and claim that the defendant had against the plaintiff was an offset at the date of its creation of so much principal and interest then due on the various notes.

A statement of the claim and the demand for credit has never been necessary to recover. No demand is necessary before bringing an action for the recovery of the price of articles sold and delivered, where the contract itself does not impose that condition. Such a debt is due when the transaction is complete. (1 Cyc., par. C, p. 475, citing *Ryors v. Prior*, 31 Mo. App. 555; *Ballew v. Casey*, 60 Tex. 573; *Low v. Griffin* (Tex. Civ. App.), 41 S. W. 73; *Foster v. Newbrough*, 66 Barb. (N. Y.) 645.)

SULLIVAN, J.—This action was brought to recover balance claimed to be due on four certain promissory notes for $100 each, that bore interest at the rate of eight per cent per annum. The plaintiff prayed for judgment, for the sum of $221.51 and an attorney's fee of $100.

The answer denies that there is anything due whatever on said notes, and avers that they have been paid in full, and as a further defense a counterclaim, or setoff, is plead against the plaintiff for the sum of $100, alleged to have been commission for the sale of certain real estate belonging to the plaintiff and agreed to be paid by him; and as a further defense, counterclaim or setoff, avers that by and with the authority of the plaintiff, the defendant had paid certain taxes due on the land so sold and performed certain labor and services for the plaintiff, at his instance and request, all of the value of $117.82, and prays for judgment for whatever may be ascertained to be due him against the plaintiff.

Upon the issues thus made, the cause was tried by the court before a jury, and verdict was returned for $193.14 against the defendant and in favor of the plaintiff. A motion for a new trial was denied and the appeal is from the order denying said motion.

The transcript contains the evidence given on the trial, and one of the disputes on the trial was over the payment of $218 made by the defendant to the plaintiff, and the payment of a commission of $100 for the sale of plaintiff's land, and for the payment of taxes due on said land, and for services rendered by the defendant for the plaintiff.

This action was commenced on the twenty-sixth day of September, 1905. The plaintiff admits that he received $218 from the defendant, to be applied on said notes, on the thirtieth day of September, four days after this action was commenced. The defendant's evidence shows that he had mailed a check for $218 to the plaintiff on the fourteenth day of September, some twelve days before this action was brought. But be that fact as it may, if when the suit was brought there were $221.51 due on said notes, and the plaintiff received a payment of $218 thereon on the thirtieth day of September, there would remain due on said notes the difference between $221.51 and $218, which is $3.51.

The evidence clearly shows that the plaintiff had agreed to pay $100 to a man by the name of Edgington, as a commission for the sale of real estate belonging to plaintiff, and it also shows that he had authorized the defendant to pay whatever taxes was due on said land, and that the defendant had already paid said commission of $100, and something over $100 for taxes and in services. That being true, the defendant was entitled to judgment against the plaintiff for the difference between the balance due on the notes and attorney's fee for bringing this suit, and the amount due the defendant for said commission, for taxes paid and for services rendered. There is no evidence in the record whatever to sustain the verdict of the jury.

The giving of instruction No. 1 is assigned as error. While that instruction is a little obscure, we take it that the court was there simply stating the allegations of the complaint, and was not instructing the jury on the facts shown by the evidence. In fact, as we understand instruction No. 1, it was intended to simply state to the jury the issues made by

the pleadings. While that instruction is not very clear, we cannot say that it was error.

. In the latter part of instruction 4, the court instructed the jury as follows: ''You are further instructed that the defendant is not entitled to a credit on the notes sued upon in plaintiff's complaint until he has given the plaintiff a statement of said claim and asked for credit on said note.'' That part of said instruction is clearly erroneous, for the evidence shows that the defendant was entitled to credit on said notes for commission, taxes and services of the defendant as soon as such services were rendered and money paid.

Under the facts, there was no error in giving instruction No. 7, which refers to the bringing of the suit and attorney's fees. Of course, if there was nothing due the plaintiff at the time the suit was commenced, he is not entitled to any attorney's fees, and if there was a balance due the plaintiff at the time the suit was brought, and payment thereof was made prior to the trial of the case, the attorney's fee would not be as much as it would if the cause had been contested in court and a judgment taken against the defendant.

For the reasons above given, the judgment must be reversed and the cause remanded for a new trial, and it is so ordered, with costs in favor of the appellant.

Ailshie, C. J., concurs.