433 P.2d 120

Elton A. NELSON, Contractor, Plaintiff and Cross Defendant-Respondent,

v.

John W. HAZEL, Jr., and Margaret E. Hazel, husband and wife, Defendants and Cross Claimants-Appellants.

No. 9967.

Supreme Court of Idaho.

Oct. 25, 1967.

Paul D. McCabe and Wm. S. Hawkins, Coeur d'Alene, for appellants.

Sidney E. Smith, Coeur d'Alene, for appellee.

SMITH, Justice.

Respondent initially instituted the present action to foreclose a mechanic's and materialman's lien for labor and materials furnished in remodeling appellants' home. The trial court found that although there were instances of defective construction, the contract had been substantially performed, and the court entered judgment in favor of respondent.

Upon appeal, in disposition of the first appeal, 89 Idaho 480, 406 P.2d 138 (1965), this Court reversed the lower court, holding that respondent was not entitled to foreclose his lien because the construction contract had not been performed in a workmanlike manner, and there was, therefore, no substantial performance. The court held that a mechanic's lien may not be enforced where the contract under which the parties are bound is not substantially performed. It then ruled that appellants were entitled to damages resulting from respondent's breach, and directed the lower court to assess the damages and render judgment accordingly.

Upon remand to the district court, the case was submitted upon the record and exhibits already on file, no additional evidence having been introduced. The district court entered findings to the effect that respondent was entitled to recover $5,090.86 for labor and materials, less $1,997.51 which appellants had paid on the contract. The trial court then awarded appellants damages for the cost of repairing defective construction in the amount of $2,494.50 allowed as a set-off from respondent's award, and entered judgment in favor of respondent for $598.85 with interest and costs.

The trial court under the remittitur was instructed "to assess the damages sustained by appellants and entered judgment accordingly, and to that end, take any additional evidence as may be deemed requisite." Nelson v. Hazel, supra. The trial court followed such instruction by allowing appellants' damages by way of a set-off, in the amount of the estimated cost of repairs to restore their home to good and workmanlike condition, from the contractor's total charges for labor and material of $5,090.86.

In an action for breach of contract, only such damages will be allowed as fairly compensate the injured party for his loss. Jones v. Better Homes, 79 Idaho 294, 316 P.2d 256 (1957); Jensen v. Wooters, 56 Idaho 595, 57 P.2d 340 (1936); O. A. Olin Co. v. Lambach, 35 Idaho 767, 209 P. 277, 44 A.L.R. 357 (1922). The reasoning of the law applicable to building contracts being to allow the contractor to recover the value of his work, if such value is reasonably commensurate with the end object of the contract, less damages, the action of the trial court in this case in offsetting the cost of completion and payments already made, against the contractor's costs, is reasonable and is in conformity with the directions of this Court in the first appeal. See Kizziar v. Dollar, C.A.10, 268 F.2d 914 (1959), certiorari denied 361 U.S. 914, 80 S.Ct. 258, 4 L.Ed.2d 184; Lindberg v. Brandt, 350 Ill.App. 317, 112 N.E.2d 746 (1953); 17A C.J.S. Contracts § 368 (1963); 17A C.J.S. Contracts § 515 (1963).

Appellants contend on the basis of the earlier ruling in this case that a person may not enforce collection under a contract which has not been substantially performed. Nelson v. Hazel, supra. However, building contracts constitute an exception to the usual contract rule that a defaulting party in a contract action can-

852

not recover damages. Such exception is based on the reasoning that unjust enrichment would result were the homeowner to retain the value of improvements in excess of that caused by the contractor's breach. Amtorg Trading Corp. v. Miehle Printing Press & Mfg. Co., 2 Cir., 206 F.2d 103 (1953); Malmberg v. Baugh, 62 Utah 331, 218 P. 975 (1923); 22 Am.Jur.2d § 46, p. 73 (1965); Simpson on Contracts, 2nd Ed., p. 412. Even where the contract cannot be said to be substantially performed, the weight of authority allows a negligent contractor to recover for the benefits actually conferred, in order that a forfeiture be avoided. Williston on Contracts, vol. 5, § 1475; see also Restatement, Contracts, § 357, comment c; Dermott v. Jones, 23 How. (U.S.) 220, 16 L.Ed. 442 (1859); Schwasnick v. Blandin, 2 Cir., 65 F.2d 354 (1933); Katz v. Bedford, 77 Cal. 319, 19 P. 523, 1 L.R.A. 826 (1888). If the defect is remediable, recovery will be based on the market price of completing or correcting the performance, and such will normally be shown by the cost of completing the work by another person. Williston on Contracts, vol. 5, § 1363; 13 Am.Jur.2d, Building, etc. Contracts, § 79 (1964); see McOmber v. Nuckols, 82 Idaho 280, 353 P.2d 398 (1960); Ficara v. Belleau, 331 Mass. 80, 117 N.E.2d 287 (1957). The record in the present case indicates a negligent breach; however, the defects in roof, floors and walls are remediable, as demonstrated by the testimony of two expert witnesses as to the cost of correcting the same, their estimates being $2,000.00 and $2,300.00 respectively; and respondents expended $194.50 in repair of the chimney. No evidence was adduced as to any other damage, nor particularly as to cost of work and materials necessary to remedy allegedly defective kitchen built-ins.

■ If the defective performance, though less than substantial, has conferred benefits on the homeowner in excess of his injury, he is under a quasi-contractual duty to pay that excess. Corbin on Contracts, vol. 3A, p. 310 (1960). See Restatement, Contracts, § 357, Comment e. See Hixen v. Allphin, 76 Idaho 327, 281 P.2d 1042 (1955).

Appellants contend that they have reaped no benefit from the building transaction, because the installations by the contractor will still require large remedial expenditures. The estimates by appellants' expert witnesses (adduced in evidence prior to the first appeal) make allowance for those expenditures. The trial court chose the higher of those estimates in allowing appellants the set-off of $2,300.00 for general costs of repair, and included the item of $194.50 expended for restoration of the chimney, totaling $2,494.50.

Judgment affirmed. Costs to respondent.

TAYLOR, C. J., McQUADE and SPEAR, JJ., and NORRIS, D. J., concur.