# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36955

PERCEPTION CONSTRUCTION
MANAGEMENT, INC.,

    Plaintiff-Respondent,

v.

STEPHEN BELL and MARILEE BELL,
husband and wife,

    Defendants-Appellants,

and

WELLS FARGO BANK, N.A.,

    Defendant.

Boise, February 2011 Term

2011 Opinion No. 76

Filed: June 29, 2011

Stephen Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Valley County, Hon. Michael R. McLaughlin, District Judge.

The district court grant of summary judgment dismissing the Bells' counterclaims without prejudice is <u>affirmed</u>. The ruling of the district court excluding evidence of construction defects is <u>reversed</u> and the judgment is <u>vacated</u>. The case is <u>remanded</u> to the district court for proceedings consistent with this opinion.

Clark and Feeney, Lewiston, for appellants. Jonathan D. Hally argued.

Trout, Jones, Gledhill, Fuhrman, P.A., Boise, for respondent. Kim Trout argued.

_____

HORTON, Justice.

Stephen and Marilee Bell (the Bells) hired contractor Perception Construction Management, Inc. (PCM) to build a log home. The parties' relationship deteriorated, and the Bells terminated the contract before construction was complete. The Bells refused to pay final invoices, and PCM filed suit to enforce a lien for the amounts claimed to be due. The Bells filed several counterclaims, including construction defect and breach of contract.

1

PCM moved for an expedited trial on the claim of lien, and the district court bifurcated the claims. At the expedited trial, the Bells attempted to present testimony from an architect and a plumber, each of whom was prepared to testify as to PCM's defective workmanship. The district court excluded the testimony, ruling it admissible only as to the Bells' bifurcated construction defect and breach of contract counterclaims. The district court found that PCM had prevailed on its claim of lien and awarded PCM damages in the amount of $42,351.95 plus prejudgment interest. The district court found PCM to be the prevailing party and determined that it was entitled to an award of attorney fees and costs. The district court later granted PCM's motion for summary judgment, dismissing the Bells' counterclaims for construction defects and breach of contract because the Bells did not provide timely notice under the Notice and Opportunity to Repair Act (NORA), I.C. §§ 6-2501 to -2504. The court eventually awarded PCM $152,998.04 for the sums due under the claim of lien, accrued interest, attorney fees and costs.

The Bells appeal, asserting that the district court erred in its exclusion of evidence relating to their defenses against the lien claim, in its determination of the amount due under the claim of lien, in the award of attorney fees and costs and in its grant of summary judgment on the basis of NORA. We vacate the judgment and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2007, PCM and the Bells executed a "cost plus" contract for the construction of a log home. Under the contract, the Bells were required to pay monthly invoices in full within ten days of PCM's submission of an invoice. The contract also required the Bells to provide, within five days of invoice submission, detailed written notice of any objection to charges contained therein. The Bells were responsible for costs of construction as well as a contractor's fee equal to ten percent of those costs. The Bells agreed to pay burdened rates of pay for PCM employees, which covered overhead costs associated with employment relating to their construction project. These burdened wages were calculated by adding to the actual wage a standard payroll burden and an additional burden that together amounted to approximately fifty percent of the actual wage. PCM contends that pre-contract estimates prepared by the parties to obtain financing set the rate of compensation for supervisory services at $60.00 per hour. Jeff Neubert (Neubert) performed both supervisory and construction services on behalf of PCM. Regardless of his role, Neubert's actual wage was $25.00 per hour. When Neubert acted as

2

supervisor, the Bells were charged $60.00 per hour, but they were charged $37.39 per hour when he worked in non-supervisory roles.

Construction began, and the Bells paid their initial invoices. However, they paid only a portion of the fifth invoice, and did not pay the sixth or seventh invoice. The Bells disputed some, but not all, of the charges they refused to pay. They did not initially dispute Neubert's $60.00 per hour supervisory wage. Before PCM issued the seventh invoice, the Bells terminated the contract and hired another contractor. On March 19, 2008, PCM recorded a claim of lien for $113,312.94 against the Bells' property. PCM ceased its work at the Bells' property on March 22, 2008. PCM filed suit to foreclose its lien, and the district court granted PCM's motion for an expedited hearing pursuant to Idaho Code § 45-522(2).

The Bells filed an answer and counterclaim which included claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The district court bifurcated the proceedings to conduct an expedited hearing on PCM's claim of lien. During the expedited hearing, the Bells attempted to defend on the basis that PCM did not perform the construction contract in a workmanlike manner, and therefore the claim of lien was unenforceable. To that end, they attempted to present the testimony of an architect and a plumber. PCM objected that the evidence was "just a wolf disguised in sheep's clothing. It's nothing more than a counterclaim. And it's intended to be identified as an offset. . . ." The district court ruled that "this is an equitable proceeding. It's a proceeding . . . limited to the issue of the amount found due and owing on a lien." The court thus limited the architect's testimony to whether the amount PCM claimed in its lien was reasonable. Based on the court's ruling, PCM did not present testimony from the plumber. The district court held that the Bells had acknowledged the $60.00 per hour rate for supervisory services and that because they failed to provide PCM with a timely written objection to those charges, the Bells had waived the right to object thereto. The district court found that PCM had prevailed on its claim of lien and awarded PCM damages in the amount of $42,351.95 plus prejudgment interest. The Bells moved for reconsideration and for a new trial, which motions the district court denied.

On June 8, 2009, the district court granted PCM's motion for summary judgment and dismissed the Bells' counterclaims without prejudice because the Bells failed to provide timely notice as required by NORA.

3

On appeal, the Bells contend that the district court's evidentiary ruling was an abuse of discretion. They dispute the court's lien valuation and contend that the order granting summary judgment was improper because it precluded them from presenting evidence that PCM failed to perform in a workmanlike manner. We reverse the district court's evidentiary ruling, vacate the amended judgment, and remand to the district court for a new trial on PCM's claim of lien.

## II. STANDARD OF REVIEW

The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion.[1] *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006). A district court's improper exclusion of evidence will be overturned on appeal if it affects a party's substantial right. I.R.E. 103; I.R.C.P. 61(a); *Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 574, 903 P.2d 730, 739 (1995).

## III. ANALYSIS

This appeal requires that we consider the following issues: (1) the district court's decision to exclude testimony relating to the Bells' claims of construction defects; (2) the propriety of the district court's grant of summary judgment; and (3) the district court's award of attorney fees and costs. We address these issues in turn.

### A. The district court erred by excluding evidence of construction defects.

As we find that the district court's evidentiary ruling is critical to resolution of many of the issues presented in this appeal, it is necessary to address the issue framed for the district court and the court's subsequent ruling.

The Bells called an architect to testify at the expedited hearing. After the architect testified that he had "reach[ed] an opinion as to whether or not there were any construction defects that were attributed to the work completed while PCM was on the job," counsel for PCM objected to "this entire line of testimony" as "it all relates to the purported counterclaim." Counsel for the Bells responded that the testimony would permit the court to "decide on what level of deviation from the contract and how substantial the defects are." The court questioned the Bells' attorney as to whether the witness was "prepared to testify … that there was no value

---

[1] On appeal, the parties state that the district court's evidentiary ruling is reviewed for abuse of discretion. However, "the relevancy of evidence is not a discretionary matter. There is no issue of credibility or finding of fact that must be resolved in order for the trial court to reach a decision on relevancy. Therefore, this Court will review the question of relevancy de novo." *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *see also State v. Cannady*, 137 Idaho 67, 70, 44 P.3d 1122, 1125 (2002) (reiterating that this court would apply de novo review to relevancy determinations).

added to this property." Counsel responded in the negative, indicating rather that "the testimony is going to be that there are substantial defects where you have structural problems . . . " and that the court could consider the testimony to "decide whether or not PCM even came remotely close to performing their contract under the terms of the contract which specifically states that they will perform in a workman-like manner."

The court ruled:

> [H]e can testify as to the level of completion at the time he inspected the property at or about the time that PCM left the site. He can testify whether or not the amount – if he has this knowledge and is prepared to testify, and he can lay a foundation that the amount of the work that had been billed by PCM from the time they began the responsibility for the construction of this residence until the time they left, if he has an opinion whether or not that amount billed was either – well, if he has an opinion that it was grossly overstated based upon what he observed at the time that they left the job, that that amount was unreasonable or unnecessary. I'll allow his testimony. Other than that, that's as far as I'm going to allow it.

Counsel for the Bells advised the court that the architect was not prepared to present an opinion on the subject of PCM's billing. After beginning to receive an offer of proof, the court summarized the proposed testimony of the architect as follows: "I would assume that he holds the opinions that these were substantial material defects in the workmanship and these were under the control of PCM, and therefore, they did not comply with the plans and specifications as provided to them." Counsel for the Bells confirmed the accuracy of the court's understanding of the proposed testimony. The court then sustained PCM's objection. The court subsequently clarified that the excluded evidence related to "damages based upon a breach of contract. You have the right to a jury trial on that issue. And I'm going to focus on the areas that I think are allowed under an equitable action of this kind." The court then stated that the Bells had a continuing objection to the court's ruling.

The Bells then addressed the proposed testimony from a plumber as to construction defects. Before counsel could complete his description of the proposed testimony, the court interrupted, noting that the subject was "What I just ruled on." Counsel for the Bells then turned his attention to a different subject.

The prima facie case in a lien foreclosure action includes a showing that the plaintiff substantially performed the construction contract from which the claim of lien arose. "Although the statute, I.C. § 45-501, does not specifically require substantial performance of a contract

5

before a lien attaches, it is inherent in the law that a person may not enforce collection under a contract which has not been performed." *Nelson v. Hazel*, 89 Idaho 480, 489, 406 P.2d 138, 144 (1965).

In *Nelson*, this Court adopted the following explanation of substantial performance of a construction contract:

> "There is a substantial performance of a contract to construct a building where the variations from the specifications or contract are inadvertent and unimportant and may be remedied at a relatively small expense and without material change of the building; but where it is necessary, in order to make the building comply with the contract, that the structure, in whole or in material part, must be changed, or there will be damage to parts of the building, or the expense of such repair will be great, then it cannot be said that there has been a substantial performance of the contract." *White v. Mitchell*, 123 Wash. 630 at 637, 213 P. 10 at 13 (1923).

*Id*. at 488, 406 P.2d at 143-44.

> This Court subsequently explained the holding in *Nelson*, explaining:

> The question of whether the contractor's performance is "substantial" and whether the defect is "minor" is one of degree, "turning upon circumstances such as the particular structure involved, its intended purposes, and the nature and relative expense of the repairs, as well as equitable considerations." [*Eldred v. C.L. Folkman Co.,* 93 Idaho 131, 133, 456 P.2d 775, 777 (1969)]. Whether a contractor has substantially performed a contract is a question of fact.
> . . .
> In certain instances, such as the case at bar, there can be components of the construction which are not performed in a workmanlike manner, but such a finding does not mean that the project as a whole was not completed in a workmanlike and timely manner. If the defective portions of the construction are not such as to destroy the important essential benefits for which the parties contracted, then there still may be substantial performance.

*Ervin Const. Co. v. Van Orden*, 125 Idaho 695, 702-03, 874 P.2d 506, 513-14 (1993) (some citations omitted).

Thus, a district court in a lien foreclosure action must determine whether the lien claimant has demonstrated substantial performance of the contract, viewing the objectives of the project as a whole.

In the present case, the Bells alleged that PCM failed to substantially perform the construction contract, and to that end attempted to present the testimony of both the architect and the plumber. Although the district court did not expressly state that the Bells' evidence was irrelevant to the claim of lien proceeding, this conclusion is implicit in its ruling and its statement that the claim of lien trial was limited to a determination of whether the value of the lien was

6

reasonable. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," I.R.E. 401, and relevant evidence is generally admissible, I.R.E. 402. Since a claim of lien is not enforceable in the absence of substantial performance, and the nature and extent of defects are necessarily considered in reaching the factual determination whether the contractor substantially performed, the excluded evidence was relevant.

The district court's ruling precluded it from considering evidence relevant to the question of whether PCM substantially performed, a question directly going to the enforceability of PCM's claim of lien. We therefore conclude that the district court erred by excluding the testimony. This error affected a substantial right of the Bells – namely, the right to present a defense – and we therefore conclude that the decision that PCM was entitled to recover on its claim of lien must be vacated and this matter remanded for further proceedings. On remand, the district court must determine whether PCM substantially performed the contract as a precondition to enforcing its claim of lien.[2] In light of this conclusion, we do not reach the question as to whether the district court properly calculated the amount properly due PCM under its claim of lien.[3]

**B. The Bells have failed to demonstrate that the district court erred by granting summary judgment on their counterclaims.**

Although the Bells' statement of issues on appeal characterizes the grant of summary judgment on their counterclaims as "improper," a careful reading of their brief reflects that they do not actually contend that the district court erred in its application of NORA. Indeed, the Bells' briefing appears to acknowledge that the failure to comply with NORA barred their counterclaims. Rather, the Bells complain that the district court's decision preventing them from presenting evidence of construction defects until the time that their counterclaims would be heard precluded them from presenting a defense to PCM's claim of lien. In the absence of

---

[2] We note that the district court's memorandum decision on the Bells' motion for reconsideration contains the statement that "PCM presented substantial evidence that they substantially performed under the contract." As this opinion suggests, this determination may not be made without consideration of evidence tending to show the opposite. We express no opinion whether such evidence should be deemed credible or otherwise given weight in the determination whether PCM substantially performed the contract. Those are matters committed to the discretion of the court upon remand.

[3] In the event that the district court finds on remand that PCM substantially performed the contract and that the claim of lien is therefore enforceable, we offer as guidance on remand that the plain language of the contract controls the proper calculation of wages for Neubert's supervisory services. PCM would be entitled only to recover Neubert's $25.00 per hour actual wage and the additional payroll burden outlined in section 5.1 of the construction contract.

7

argument or authority regarding whether the district court erred by dismissing the counterclaims, we affirm the district court's grant of summary judgment. *Bingham v. Montane Res. Assoc.,* 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999) ("This Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument.").

**C. The district court's award of attorney fees and costs must be vacated.**

A successful lien claimant is entitled to an award of attorney fees incurred in foreclosure proceedings. I.C. § 45-513; *Barber v. Honorof*, 116 Idaho 767, 771, 780 P.2d 89, 93 (1989). As this matter must be remanded for a determination whether PCM is entitled to recover on its claim of lien, we vacate the district court's award of attorney fees and costs.

## IV. CONCLUSION

We reverse the district court's ruling excluding evidence of construction defects and vacate the amended judgment. We affirm the district court's grant of summary judgment dismissing the Bells' counterclaims without prejudice. We remand to the district court for proceedings consistent with this opinion. Costs to the Bells.

Chief Justice EISMANN and Justices BURDICK and W. JONES **CONCUR**.

J. JONES, Justice, specially concurring.

While I concur in the opinion of the Court, I have concerns with restating the quote from *Nelson v. Hazel*, 89 Idaho 480, 406 P.2d 138 (1965) that, "Although the statute, I.C. § 45-501, does not specifically require substantial performance of a contract before a lien attaches, it is inherent in the law that a person may not enforce collection under a contract which has not been performed." *Id.* at 489, 406 P.2d at 144. The *Nelson* statement is troubling because (1) it fails to recognize a difference between the attachment of a mechanic's lien and an action by a contractor to recover for work performed under a construction contract, and (2) it appears to indicate that a mechanic's lien does not attach, nor can a contractor recover for his work, where there has not been substantial performance of the contract.

With regard to the first issue, the *Nelson* court recognized that I.C. § 45-501 does not specifically require substantial performance of a contract before a mechanic's lien attaches. However, a literal reading of *Nelson* would deny lien rights to PCM because, even if all the work it did perform under the contract was satisfactory, it did not complete the contract because the Bells terminated the same and the contract could not for that reason have been substantially

8

performed. It may well be that the initial work under the contract was performed in a workmanlike manner, as evidenced by the fact that the Bells did not raise complaints about the work until the fifth invoice, and lien rights would certainly have attached for the earlier work. The *Nelson* court failed to recognize that there is a difference between attachment of lien rights and collecting for construction work. The lien merely, but importantly, provides a secured method of payment for construction work—a charge against the real property, making the property the object of a lien foreclosure action and the secured source of payment. Whether or not a contractor is entitled to be compensated for the work he performed is a separate question.

Denying the contractor the right to a lien for work satisfactorily performed on a construction project, where the contract has not been fully performed, is without statutory authority and certainly appears to be counter to art. XIII, § 6 of the Idaho Constitution, which requires that "[t]he legislature shall provide by proper legislation for giving to mechanics, laborers, and material men an adequate lien on the subject matter of their labor," and the implementing statutory provisions, particularly I.C. § 45-501. Where a contractor has performed part of his work in conformance with his contract but done other work in an unworkmanlike manner, he should not run the risk of losing his right to obtain a lien for the portion of the work that was satisfactory.

With regard to the second issue, the implication from *Nelson* that a contractor may not be able to recover for his work if the contract has not been substantially performed, this Court observed in *Ervin Construction Co. v. Van Orden*, 125 Idaho 695, 703, 874 P.2d 506, 514 (1993):

> In *Nelson* we held that a construction contract that is "not performed in a workmanlike manner" is not substantially performed and it is error to so hold. 89 Idaho at 489, 406 P.2d at 144. The trial court in this case found that only certain parts of the construction on the home were not performed in a workmanlike manner, rather than the contract was a whole. Thus this case does not come within the rule announced in *Nelson* and we decline in this instance to follow the broad pronouncement stated there. In certain instances, such as the case at bar, there can be components of the construction which are not performed in a workmanlike manner, but such a finding does not mean that the project as a whole was not completed in a workmanlike and timely manner. If the defective portions of the construction are not such as to destroy the important essential benefits for which the parties contracted, then, there still may be substantial performance.

9

It should be noted that *Ervin Construction* was not a lien foreclosure but, rather, a breach of contract suit by the contractor to recover for its work. Of interest, however, is that in both cases the Court held, in essence, that the property owner was entitled to an offset for construction work that was performed in an unworkmanlike manner.

It would appear to make sense, either in a lien foreclosure action or a breach of contract action, where the contractor and property owner are disputing the amount owing for construction work, that the question of substantial performance be essentially set aside and that the issue be addressed as both the *Nelson* and *Ervin Construction* cases ended up addressing it. That is, to determine the amount owing for the construction work that was actually completed, to determine whether any of that work was performed in an unworkmanlike manner and whether any other offsets may be credited to the property owner, and then to determine the monetary amount necessary to repair the unworkmanlike portion as an offset. Such an approach conforms with I.C. § 45-507, wherein a lien claimant must set forth a statement of his demand for work but also deduct all just credits and offsets, which should certainly include any defective work. I.C. § 45-507(3)(a). Getting into the peripheral question as to whether the contract has been substantially performed and, if not, whether the lien claimant thereby loses his lien rights or the right to recover under contract for his work is simply not productive.

The *Nelson* holding is overbroad and should be viewed with care, as the Court noted in *Ervin Construction*. That being said, the correct result was produced here by the Court. The Bells will have their opportunity to present evidence showing the alleged construction defects and to establish the amount of any consequent offset against the portion of the contract performed by PCM.